

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00254-CR

EDDIE JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2011-432,527, Honorable John J. "Trey" McClendon, Presiding

July 10, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK, JJ. and BOYD, S.J.[1]

Appellant Eddie Jones was convicted by jury of sexual assault of a child.[2]   After appellant plead true to an enhancement conviction, the trial court assessed punishment at imprisonment for life.   His court-appointed appellate counsel has filed a motion to

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[2] TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (West 2013).

withdraw and an *Anders*[3] brief. We will grant counsel's motion to withdraw and affirm the judgment of the trial court.

At trial, evidence showed that in November 2010, fifty-five-year-old appellant sexually assaulted a sixteen-year-old girl, L.S.B. In February 2011, L.S.B. learned she was pregnant. She delivered her child in August of that year.

In September 2011, L.S.B. reported the assault to police. The case went to trial in June 2013. L.S.B. testified to every element of the offense alleged in the indictment, including forcible vaginal penetration that occurred on a street in Slaton, Lubbock County, in November 2010. She identified appellant as the person who assaulted her and a forensic DNA expert testified to appellant's identity as the father of the child. Other witnesses corroborated L.S.B.'s testimony. And appellant acknowledged his paternity in letters written from jail.

Following his conviction, appellant filed notice of appeal. Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of the case, there is no reversible error or legitimate ground on which a non-frivolous appeal can arguably be predicated. The brief discusses in detail the procedural history of the case and the events at trial. Counsel discusses the applicable law and sets forth the reasons he believes there are no arguably meritorious issues on which to appeal. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on

---

[3] *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *see In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008).

appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State,* 885 S.W.2d 641, 645 (Tex. App.—Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on counsel's motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). If this Court determines the appeal arguably has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App.1991).

By his *Anders* brief, counsel raises several grounds that could possibly support an appeal, but explains why he concludes none show arguably reversible error. He concludes the appeal is frivolous. We have reviewed each ground raised by counsel and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005). We have found no such arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

Accordingly, we grant counsel's motion to withdraw[4] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. TEX. R. APP. P. 48.4.